IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
<u>HILLSBOROUGH COUNTY, FLORIDA</u>                    <u>GENERAL CIVIL DIVISION</u>

JOHN C. VAN VOORHIS

       Plaintiff,

vs.                                                                 Case Number: 04-CA-4346

HILLSBOROUGH COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF FLORIDA

       Defendant.
_____/

### <u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

**COMES NOW** the Plaintiff, John C. Van Voorhis, by and through his undersigned counsel, sues the Defendant, Hillsborough County, a Political Subdivision of the State of Florida (hereinafter "Hillsborough County", and alleges:

### COUNT I

1. That this is an action for damages for unlawful employment practices pursuant to Florida Statutes, Chapter 760, and damages exceed $15,000.00.

2. That the Plaintiff, John C. Van Voorhis is a resident of Lee County and currently resides at 1503 SE 10th Avenue, Cape Coral, Florida 33990.

3. That the Defendant, Hillsborough County, is a political subdivision of the State of Florida.

4. That on or about October 21, 2002 through November 2, 2002, the Defendant, by and through its Department of Public Works, posted the availability of a helicopter pilot position. According to the Defendant's Department, due to the non-availability of a sufficient number of qualified candidates, the announcement for the position was extended on November 2,



2002 for an indefinite period.

5. That the Plaintiff submitted all of the necessary documents to qualify for the initial offering of the position and on or about November 5, 2002, the Hillsborough County Civil Service Board certified a list of eligible candidates for the helicopter pilot position. The list did not include the Plaintiff.

6. That Plaintiff was contacted regarding his application and provided all of the application information to be eligible, in early December, 2002. Although the position was not withdrawn, the Defendant selected an employee with substantially limited qualifications, which made her ineligible under the Federal Aviation Administration Regulations for even performing the job for which she was hired.

7. That the Defendant hired an unqualified female employee prior to the close of the position, notwithstanding that Plaintiff's application and qualifications were known to the Defendant prior to its second advertisement for the position in November, and that his performance record and eligibility as a helicopter pilot far exceeded the qualifications of the employee that the Defendant hired.

8. That the Public Works Department had individuals in charge of hiring that expressed their opinion to others that they were not going to hire a "old pilot" and although Plaintiff's qualifications exceeded that of the applicant that was hired, Plaintiff was approximately 56 years of age at the time of his application and the decision to exclude him from employment was based upon his age.

9. That at the time of Plaintiff's application, he was otherwise qualified for the position, despite his age.

10. That the Defendant had over ten qualified applications when it rejected all applications for a new posting, and although it had the applications when it chose to re-post the job, it offered a position to a woman much younger than the Plaintiff, who was not even qualified for the position.

11. That by reason of the aforementioned Defendant's discriminatory conduct, Plaintiff has sustained damages which include the loss of the position and its benefits, back pay and future pay in connection with the position.

12. That the Plaintiff has performed all conditions precedent to the filing of this action and on or about April, 2003, filed a complaint with the U.S. Equal Employment Opportunity Commission and has received a right to sue letter, a copy of which is attached hereto and incorporated herein by reference.

**WHEREFORE**, the Plaintiff, John C. Van Voorhis, demands judgment against the Defendant, Hillsborough County, for damages for its discriminatory practices, a mandatory injunction enjoining the Defendant from future discriminatory conduct, together with reasonable attorney fees pursuant to Florida Statutes, Chapter 760, and any other and further relief this Court deems just and proper.

### COUNT II

13. This is an action pursuant to Title VII of the Civil Rights Act of 1964, as amended to include the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et. seq.

14. That the Plaintiff repeats and realleges his allegations in paragraphs 2 through 12 as if fully set forth herein.

15. That Defendant's aforementioned conduct was in violation of Title 42 of the United States

Code, Section 2000e, Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

**WHEREFORE**, the Plaintiff, John C. Van Voorhis, demands judgment against the Defendant, Hillsborough County, for the following relief:

1. A permanent injunction prohibiting the Defendant from further acts of age discrimination;

2. Award Plaintiff appropriate back pay, future earnings, reimbursement for income and infringed benefits lost since; and

3. Attorney fees and the cost of this action and any other and further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff, John C. Van Voorhis, demands that all issues of fact be tried by jury.

> **POWELL LAW OFFICES, P.A.**
> Waterside Plaza
> 3515 Del Prado Boulevard, Suite 101
> Cape Coral, Florida 33904
> Phone:      (239) 540-3333
> Facsimile:  (239) 540-3336
>
> By: _____
> **WILLIAM M. POWELL**
> Florida Bar #343994

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served one true and correct copy of the foregoing upon Stephen M. Todd, Esquire, Louise B. Fields, Esquire, Post Office Box 1110, Tampa, Florida 33601 by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid on this 31st day of May, 2006.

                                    **POWELL LAW OFFICES, P.A.**
                                    Waterside Plaza
                                    3515 Del Prado Boulevard, Suite 101
                                    Cape Coral, Florida  33904
                                    Phone:        (239) 540-3333
                                    Facsimile:    (239) 540-3336

By: _____
                                    **WILLIAM M. POWELL**
                                    Florida Bar #343994

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA                    GENERAL CIVIL DIVISION

JOHN C. VAN VOORHIS

      Plaintiff,

vs.                                                                 Case Number: 04-CA-4346

HILLSBOROUGH COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF FLORIDA

      Defendant.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, John C. Van Voorhis, by and through his undersigned counsel, sues the Defendant, Hillsborough County, a Political Subdivision of the State of Florida (hereinafter "Hillsborough County", and alleges:

### COUNT I

1. That this is an action for damages for unlawful employment practices pursuant to Florida Statutes, Chapter 760, and damages exceed $15,000.00.

2. That the Plaintiff, John C. Van Voorhis is a resident of Lee County and currently resides at 1503 SE 10th Avenue, Cape Coral, Florida 33990.

3. That the Defendant, Hillsborough County, is a political subdivision of the State of Florida.

4. That on or about October 21, 2002 through November 2, 2002, the Defendant, by and through its Department of Public Works, posted the availability of a helicopter pilot position. According to the Defendant's Department, due to the non-availability of a sufficient number of qualified candidates, the announcement for the position was extended on November 2,

1



2002 for an indefinite period.

5. That the Plaintiff submitted all of the necessary documents to qualify for the initial offering of the position and on or about November 5, 2002, the Hillsborough County Civil Service Board certified a list of eligible candidates for the helicopter pilot position. The list did not include the Plaintiff.

6. That Plaintiff was contacted regarding his application and provided all of the application information to be eligible, in early December, 2002. Although the position was not withdrawn, the Defendant selected an employee with substantially limited qualifications, which made her ineligible under the Federal Aviation Administration Regulations for even performing the job for which she was hired.

7. That the Defendant hired an unqualified female employee prior to the close of the position, notwithstanding that Plaintiff's application and qualifications were known to the Defendant prior to its second advertisement for the position in November, and that his performance record and eligibility as a helicopter pilot far exceeded the qualifications of the employee that the Defendant hired.

8. That the Public Works Department had individuals in charge of hiring that expressed their opinion to others that they were not going to hire a "old pilot" and although Plaintiff's qualifications exceeded that of the applicant that was hired, Plaintiff was approximately 56 years of age at the time of his application and the decision to exclude him from employment was based upon his age, and at all times material hereto, Plaintiff was over the age of 40.

9. That at the time of Plaintiff's application, he was otherwise qualified for the position, despite his age.

10. That the Defendant had over ten qualified applications when it rejected all applications for a new posting, and although it had the applications when it chose to re-post the job, it offered a position to a woman much younger than the Plaintiff, who was not even qualified for the position.

11. That by reason of the aforementioned Defendant's discriminatory conduct, Plaintiff has sustained damages which include the loss of the position and its benefits, back pay and future pay in connection with the position.

12. That the Plaintiff has performed all conditions precedent to the filing of this action and on or about April, 2003, filed a complaint with the U.S. Equal Employment Opportunity Commission and has received a right to sue letter, a copy of which is attached hereto and incorporated herein by reference.

**WHEREFORE**, the Plaintiff, John C. Van Voorhis, demands judgment against the Defendant, Hillsborough County, for damages for its discriminatory practices, a mandatory injunction enjoining the Defendant from future discriminatory conduct, together with reasonable attorney fees pursuant to Florida Statutes, Chapter 760, and any other and further relief this Court deems just and proper.

### COUNT II

13. That the Plaintiff repeats and realleges his allegations in paragraphs 2 through 12 as if fully set forth herein.

14. That Defendant's aforementioned conduct was in violation of Title 42 of the United States Code, Section 2000e, Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991 and damages exceed $15,000.

**WHEREFORE**, the Plaintiff, John C. Van Voorhis, demands judgment against the Defendant, Hillsborough County, for the following relief:

1. A permanent injunction prohibiting the Defendant from further acts of age discrimination;

2. Award Plaintiff appropriate back pay, future earnings, reimbursement for income and infringed benefits lost since; and

3. Attorney fees and the cost of this action and any other and further relief this Court may deem just and equitable.

## COUNT III

15. That the Plaintiff repeats and realleges his allegations in paragraphs 2 through 12 as if fully set forth herein.

16. That this is an action for age discrimination in employment pursuant to the Age Discrimination in Employment Act of 1997, as amended, Title 29 U.S.C. 626, and damages exceed $15,000.

**WHEREFORE**, the Plaintiff, John C. Van Voorhis, demands judgment against the Defendant, Hillsborough County, for the following relief:

1. A permanent injunction prohibiting the Defendant from further acts of age discrimination;

2. Award Plaintiff appropriate back pay, future earnings, reimbursement for income and infringed benefits lost since or compel employment; and

3. Attorney fees and the cost of this action and any other and further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff, John C. Van Voorhis, demands that all issues of fact be tried by jury.

POWELL LAW OFFICES, P.A.
Waterside Plaza
3515 Del Prado Boulevard, Suite 101
Cape Coral, Florida  33904
Phone:         (239) 540-3333
Facsimile:    (239) 540-3336

By: _____
WILLIAM M. POWELL
Florida Bar #343994

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served one true and correct copy of the foregoing upon Stephen M. Todd, Esquire, Louise B. Fields, Esquire, Post Office Box 1110, Tampa, Florida 33601 by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid on this 13th day of June, 2006.

POWELL LAW OFFICES, P.A.
Waterside Plaza
3515 Del Prado Boulevard, Suite 101
Cape Coral, Florida  33904
Phone:         (239) 540-3333
Facsimile:    (239) 540-3336

By: _____
WILLIAM M. POWELL
Florida Bar #343994

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

FEB 12 2004

| To: | From: |
|---|---|
| Mr. John C. VanVoorhis<br>619 McArthur Ave<br>Lehigh Acres, FL 33972 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida 33602 |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2003-02336 | G. Albi | (813) 228-2310 |

**NOTICE TO THE PERSON AGGRIEVED:** *(See also the additional information attached to this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Manuel Zurita., Area Director       2/11/04 *(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:
Hillsborough County
c/o Office of County Attorney
Attn: Mr. Rudin Haidermota
PO Box 1110
Tampa, FL 33601

Powell & Steinberg, PA
Attn: Mr. William Powell
3515 Del Prado Blvd, Suite 101
Cape Coral, FL 33904

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JOHN C. VAN VOORHIS,

        Plaintiff,                          Case No: 04-04346

vs.                                         Division:   K

HILLSBOROUGH COUNTY, a
Political Subdivision of the State
of Florida,

        Defendant.
_____/

## NOTICE OF REMOVAL TO PLAINTIFF

TO:    William M. Powell, Esquire
           Powell & Steinberg, P.A.
           Waterside Plaza
           3515 Del Prado Blvd., Suite 101
           Cape Coral, FL 33904

        PLEASE TAKE NOTICE that Defendant, Hillsborough County Board of County Commissioners, has this day filed the attached Notice of Removal in the United States District Court for the Middle District of Florida, to remove the above-styled cause from the Circuit Court in and for Hillsborough County, Florida, to the said United States District Court.

Dated: 6/23/06

                                                  Respectfully submitted,

                                                  Office of the County Attorney
                                                  County Center
                                                  601 E. Kennedy Boulevard, 27th Floor
                                                  P.O. Box 1110
                                                  Tampa, Florida 33601
                                                  (813) 272-5670
                                                  Attorney for Defendant

                                                  By: _____
                                                     Stephen M. Todd, Esquire
                                                     Sr. Assistant County Attorney
                                                     FBN: 0886203

EXHIBIT 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to **William M. Powell, Esquire,** Powell & Steinberg, P.A., Waterside Plaza, 3515 Del Prado Blvd., Suite 101, Cape Coral, FL 33904, by U.S. Mail this 23 day of June, 2006.

Stephen M. Todd, Esquire
Sr. Assistant County Attorney

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JOHN C. VAN VOORHIS,

   Plaintiff,         Case No: 04-04346
vs.               Division: K

HILLSBOROUGH COUNTY, a
Political Subdivision of the State
of Florida,

   Defendant.
_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO: William M. Powell, Esquire
   Powell & Steinberg, P.A.
   Waterside Plaza
   3515 Del Prado Blvd., Suite 101
   Cape Coral, FL  33904

Notice is given that, pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1367(a), Defendant, Hillsborough County Board of County Commissioners, has on the 23 day of June, 2006, filed in the United States District Court of the Middle District of Florida, a Notice of Removal to remove Case No. 04-04346; Division: K, from the Circuit Court in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida. Copies of the Notice of Removal, excluding the exhibits thereto, and the Notice of Removal to Plaintiff are attached hereto as Exhibits "1" and "2", respectively.

             Respectfully submitted,
             County Center
             601 E. Kennedy Boulevard, 27th Floor
             P.O. Box 1110
             Tampa, Florida  33601
             (813) 272-5670
             Attorney for Defendant
             By: _____
             Stephen M. Todd, Esquire, FBN: 0886203
             Sr. Assistant County Attorney



EXHIBIT 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to **William M. Powell, Esquire,** Powell & Steinberg, P.A., Waterside Plaza, 3515 Del Prado Blvd., Suite 101, Cape Coral, FL 33904, by U.S. Mail this ___ day of June, 2006.

_/s/ Stephen M. Todd_
Stephen M. Todd, Esquire
Sr. Assistant County Attorney