## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHN C. VAN VOORHIS,**

        **Plaintiff,**

**v.**                                 **Case No. 8:06-cv-1171-T-TBM**

**HILLSBOROUGH BOARD OF**
**COUNTY COMMISSIONERS,**

        **Defendant.**

_____/

## O R D E R

       THIS CAUSE is before the court **Plaintiff's Motion to Reconsider** (Doc. 39).  By his motion, Plaintiff seeks an Order vacating this court's prior Order (Doc. 36) granting Defendant's motion for summary judgment.  Defendant has filed a response in opposition (Doc. 40).

       Plaintiff does not set forth any legal grounds for his motion.  However, a motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b).  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Because Plaintiff essentially seeks an Order altering or amending the judgment in this matter and his motion was brought within ten days of entry of judgment, his motion is appropriately construed as one brought pursuant to Rule 59(e).[1]  See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment

---

[1]Under Rule 60(b), upon motion and upon such terms as are just, the court may relieve a party from a final judgment or order for reasons of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).  Because the motion in this case was filed within ten days of judgment, it is addressed under Rule 59.  See Sussman, 153 F.R.D. at 694.

shall be filed no later than 10 days after entry of the judgment."); see also Sussman, 153

F.R.D. at 693.  Although Rule 59(e) does not set forth grounds for relief, courts have

recognized three grounds justifying reconsideration: (1) the discovery of new evidence, (2) an

intervening development or change in controlling law; or (3) the need to correct clear error[2] or

prevent manifest injustice.  Basco v. Machin, 8:06-cv-260-T-24MSS, 2007 WL 678011 (M.D.

Fla. March 5, 2007); Preserve Endangered Areas of Cobb's History, Inc., v. U.S. Army

Corps. of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  Conversely, it is improper to

use a Rule 59(e) motion to raise arguments or present evidence that could have been raised

prior to the entry of judgment.  See Michael Linet, Inc. v. Village of Wellington, Fla., 408

F.3d 757, 763 (11th Cir. 2005).  Reconsideration of a previous order is an extraordinary

remedy that should be utilized sparingly.  Sussman, 153 F.R.D. at 694.

Upon careful consideration, Plaintiff's motion (Doc. 39) is DENIED.  Here,

Plaintiff's motion can be fairly read as suggesting that relief is warranted because the court

committed clear error by finding no adverse employment action.[3]  In support thereof, Plaintiff

urges there was no evidence establishing that Pamela Knight was offered the pilot position on

November 21, 2002; an email dated November 25, 2002, establishes that she was not offered

the position on that date; and Joel Jacobson's email to Civil Service should have been

---

[2]A district court's finding is clearly erroneous when the reviewing court, after assessing the evidence, is "left with a definite and firm conviction that a mistake has been committed."  Worthington v. United States, 21 F.3d 399, 400 (11th Cir. 1994) (quoting Daley v. United States, 792 F.2d 1081, 1086 (11th Cir. 1986)).

[3]Plaintiff does not allege that new evidence was discovered or that there has been an intervening development or change in controlling law.

considered (or weighted more heavily) by the court.  As Defendant points out, there was record evidence establishing that Knight was offered the pilot position on November 21, 2002, namely, the sworn statement of Paul Vanderploog.  See Aff. Vanderploog (Doc. 26 at 9, ¶ 12).  Notably, Plaintiff did not dispute that evidence during the summary judgment proceedings.  In addition, a thorough review of the evidence in this case fails to reveal the email dated November 25, 2002, on which Plaintiff relies.[4]  Even accepting the substance of the email as true for the sake of argument, it still would not establish an adverse employment action.  Further, the fact that Plaintiff could have presented this evidence prior to the entry of the judgment and did not militates against it as a basis for justifying reconsideration.  See Michael Linet, Inc., 408 F.3d at 763.  Finally, Jacobson's email to Civil Service was addressed by the court and it does not impact the adverse employment action determination.  For these reasons, Plaintiff has failed to demonstrate that reconsideration is justified and his motion is denied.

**Done and Ordered** in Tampa, Florida, this 4th day of June 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[4]By Plaintiff's allegations, in an email dated November 25, 2002, someone requested the status of the helicopter pilot background check and wrote, "if she [Knight] [is] cleared, let Joel know so he can contact her to offer her the position.  If she accepts, do the PA for hiring and schedule medical appointment . . . make start date 12/14/02."  (Doc. 39 at 2).  While Plaintiff indicated that this email was attached to his instant motion, it was not.