**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN C. VAN VOORHIS,**

        **Plaintiff,**

**v.**                                              **Case No. 8:06-cv-1171-T-TBM**

**HILLSBOROUGH BOARD**
**OF COUNTY COMMISSIONERS,**

        **Defendant.**

_____/

**<u>O R D E R</u>**

THIS MATTER is before the court on Plaintiff's **Motion for Attorney Fees** (Doc.

103), **Motion to Tax Costs** (Doc. 104), and **Memorandum of Law in Support** (Doc. 105).

Plaintiff seeks an award of $193,481.00 in fees and $6,416.28 in costs as the prevailing party

in this action.[1]  Plaintiff has filed affidavits in support of his position.  (Docs. 103-04).  In

response, Defendant does not dispute that, as the prevailing party in this matter, Plaintiff is

entitled to an award of reasonable fees and taxable costs.  Defendant maintains, however, that

Plaintiff is entitled to only $51,824.20 in fees and $2,151.05 in costs.  (Doc. 106).  Defendant

has filed affidavits in support of its position on fees.  (Docs. 107-08).

_____

[1]This case was tried before a jury during the week of May 12, 2008.  The jury found
for Plaintiff on his claim for age discrimination, brought pursuant to the ADEA and the
Florida Civil Rights Act, and awarded him $36,000.00 in damages.  Judgment was entered in
accordance with the verdict with the court reserving jurisdiction over the matter of fees and
costs.

I.

A.

In *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the court set

out twelve factors to be considered in determining the reasonableness of fees: (1) the time and

labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required

to perform the legal services properly; (4) the preclusion of other employment due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

(7) the time limitations imposed by the client or other circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. *Id.* at 717-19.  The manner in which the *Johnson*

factors influence an award of fees must be elucidated by the court.[2]  *See In re Celotex Corp.*,

---

[2]Under fee shifting statutes, the court looks to the lodestar approach to determine a
reasonable fee.  By this approach, the value of the lawyer's services is initially determined by
the product of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v.
Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292
(11th Cir. 1988).  "[A] reasonable hourly rate is the prevailing market rate in the relevant
legal community for similar services by lawyers of reasonably comparable skills, experience,
and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting
*Norman*, 836 F.2d at 1299).  In determining the reasonableness of hours expended, it is
appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which
are inadequately documented; and hours which would be unreasonable for an attorney to bill
the client or opposing counsel in the exercise of good billing judgment.  In reviewing
petitions for attorney's fees, the court exercises its discretion in determining what constitutes
reasonable hours.  The lodestar, as calculated in *Hensley*, presumptively includes the *Johnson*
factors.  *See Norman*, 836 F.2d at 1299.  Here, the court has been guided by the lodestar
approach in its review of Plaintiff's motion.

227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332,

1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

Plaintiff argues that a reasonable hourly rate for the work of lead counsel, William

Powell, Esq., is $350.00 per hour and for "second chair" counsel, Howard Acosta, Esq.,

$450.00 per hour.  Plaintiff also seeks $100.00 per hour for his travel time and for paralegal

work.  The requests are supported by affidavits from Mr. Powell, Mr. Acosta, and attorney

Matthew K. Fenton, and various orders reflecting fee awards entered in state court

proceedings.  In opposition, Defendant argues that the hourly rates requested are not

reasonable in light of the complexity of the case, the results obtained, and the rates typically

charged in the community for similar work.  Defendant notes that Plaintiff sought in excess of

$230,000.00 in net lost wages plus liquidated damages in a like sum, yet was awarded only

$36,000.00 or less than 8% of the amount sought.  By its supporting affidavits, the Defendant

urges that this case was not complicated and it did not involve difficult or novel issues.  It

urges that an hourly rate between $225.00 and $275.00 per hour for both counsel is

reasonable for work of this type in this community.  Defendant also asserts that the total hours

billed are excessive in particular instances and reflect the improper practice of unit billing.

Upon consideration, I find that an award of $325.00 per hour for the work performed

by lead counsel and $300.00 per hour for "second chair" counsel in connection with the actual

trial of this cause is fair and reasonable in light of the applicable factors.  Based on my own

experience in these fee matters over the past fourteen years and familiarity with how such

matters are routinely billed in this community, and given the nature of the work here performed, both are entitled to $225.00 per hour for their out-of-court work in this matter.[3]

B.

Next, the reasonableness of the hours expended must be considered.  Excessive, redundant and unnecessary hours, as well as hours poorly accounted for and which evidence a lack of good billing judgment, must be excluded.  *See Hensley*, 461 U.S. at 434.

Mr. Acosta seeks compensation for 61 total hours of work, including 44 hours at trial, 16 hours of pretrial preparation, and 1 hour for work by a paralegal spent preparing a trial book.  Upon my review, the work performed by Mr. Acosta from May 6, 2008, forward was reasonable and necessary in light of his role at trial.  The court's records reflect that the trial occurred over three days for a total of 23.25 hours.  Accordingly, based on the hourly rates set forth above, the reasonable fee for Mr. Acosta's work is **$14,893.75**.[4]

As for lead counsel, Mr. Powell's billing statements itemize 21.9 hours of travel time and 460.86 hours of legal work, together with 8.9 hours of paralegal work.[5]  Upon

---

[3]Plaintiff's counsel are both experienced attorneys, enjoying reputations as competent counsel, and Mr. Powell pursued this case over several years apart from the appeal.  However, other factors militate against the higher rates sought.  The case was not particularly complex.  The pretrial work-up by counsel was rather routine as was the trial.  The case did not involve novel legal issues or complex motion practice.  While Plaintiff succeeded on his claim, the jury awarded him far less than his council sought.  Furthermore, while counsels' performance at trial was competent, it was not extraordinary.

[4]Calculated on the basis of 23.25 hours trial work at $300.00 per hour ($6,975.00), plus 34.75 hours of out-of-court work at $225.00 per hour ($7,818.75), plus one hour of paralegal time at $100.00 per hour.

[5]Mr. Powell's motion indicates slightly different figures.  Thus, by his motion, he is seeking compensation for 468.86 hours of legal work, 13.9 hours of travel, together with 8.9 hours of paralegal time.  The court will work off its own calculations.

4

consideration, the Defendant's objections to these billings are sustained in part.  There is

some evidence of counsel billing for matters routinely done by less costly assistants[6] and

duplication of effort,[7] as well as some evidence of unit billing and/or otherwise poorly

documented billings[8] and excessive billings.  Upon the court's consideration, the 45 hours of

trial work claimed are appropriately compensated at the rates set forth above for 23.25 hours

of in-court work and 21.75 hours of out-of-court work.  No other adjustments are necessary or

appropriate for these hours.

      As for the remaining 415.86 hours of legal work, the 5.8 hours sought by counsel for

work done on matters more properly performed by an assistant are deducted from this total

---

[6]For instance, time spent reviewing tracking of UPS package (5/10/04), preparation of summons (6/25/04), researching Hillsborough County Sheriff's service and letter to process server (7/8/04 and 10/20/06), preparation of notice of hearing (10/14/04), preparation of notices of deposition (11/18/05, 11/23/05, 3/16/06, 3/21/06, 10/20/06, 11/30/06, and 1/24/07), and preparation of subpoenas and cover letters (4/10/08, 4/28/08, and 5/8/08), are matters routinely handle by staff rather than an attorney and not appropriately billed to the client in the exercise of good billing judgment.  These entries total 5.8 hours.

[7]Counsel repeatedly bills for his time spent conferencing with his paralegal, who likewise billed for these conferences.  This duplicate billing on the following dates without any further explanation appears redundant, inadequately explained, excessive and inappropriate in the exercise of good billing judgment:  7/8/03, 9/23/03,11/4/03, 1/28/03, 12/10/03, 1/14/04, 3/5/04, 3/9/04, 4/19/04, 5/3/04, 5/6/04, 5/7/04, 5/10/04, 5/20/04, 7/14/04, 8/3/04, 8/20/04, 9/21/04, 9/27/04, 10/5/04, 10/7/04, 10/8/04, 10/14/04, and 12/12/04.  These entries total 4.8 hours billed at $100.00 per hour.

[8]Under Florida law, the practice of "unit billing" or the unreasonable billing of a flat rate for matters such as conferences with staff and reviewing files, documents, letters, e-mails or notices/orders (regardless of the actual time consumed by such tasks) is not condoned.  *See Fla. Bar v. Richardson,* 574 So.2d 60 (Fla. 1990)*; Browne v. Costales,* 579 So.2d 161 (Fla. Dist. Ct. App. 1991).  Here, counsel itemizes 277 entries billed at .25 hours without adequate documentation for the task actually performed and regardless of the actual time involved in the task.  Under the case law, such practice is unreasonable and results in excessive billing which the court is authorized to address.

and separately compensated at the reduced rate of $100.00 per hour.[9]  As for the unit billing,

case law supports that such practice results in unreasonable and excessive fees evidencing

both a lack of adequate documentation and good billing judgment.  Accordingly, the 66.25

hours[10] unit billed are hereby reduced by one-half or 33.12 hours.  I agree also that counsel

billed an extraordinary number of hours in trial preparation.  Beginning April 26, 2008,

through the eve of trial, May 11, 2008, counsel itemizes 86.8 hours for "preparation for trial,"

in addition to numerous other entries for matters clearly related to the preparation for trial.

As noted, the trial itself consumed only 23.25 hours including breaks.  The court concludes

these hours "preparing" for trial and not otherwise documented are excessive and

unreasonable and should be reduced by one-half (43.27 hours).

Because of the duplication of work between counsel and the paralegal during the

above noted staff conferences, the requested hours for paralegal work are reduced by 4.8

hours.

While the court is uncertain why Plaintiff seeks only 13.9 hours of travel time, no

other adjustments are made to this request.

Accordingly, given these deductions and based on the hourly rates set forth above,

the reasonable fee for Mr. Powell is **$89,905.75**.[11]

---

[9]Twelve of these entries reflect unit billing practice as well.  These 3 hours total are excluded from the reduction made herein for unit billing.

[10]This is the remaining 265 entries billed at .25 hours.  *See* nt. 8 supra.

[11]Calculated on the basis of 23.25 hours trial work at $325.00 per hour ($7,556.25), plus 355.42 hours of out-of court work at $225.00 per hour ($79,969.50), plus 23.8 hours at $100.00 ($2,380.00).

II.

As for costs, Plaintiff seeks to recoup $6,416.28.  Defendant does not dispute

Plaintiff's entitlement to taxable costs but contends that Plaintiff is entitled to only $2,151.05.

(Doc. 106).  A review of Plaintiff's client ledger reveals costs as follows:

| | |
|---|---|
| Postage, copies, etc: | $ 474.21 |
| Copying costs FOIA records: | $   43.90 |
| Copying costs:[12] | $ 130.00 |
| Copy costs for trial notebooks: | $ 257.50 |
| Mediation: | $ 450.00 |
| Filing fee: | $ 205.00 |
| Summons/complaint service: | $   20.00 |
| Court reporter fees associated with the following depositions: | |
| Dennis Boone: | $ 287.60 |
| Harold Neal/John Newton: | $ 715.10 |
| Paul Vanderploog: | $ 133.70 |
| Court reporter fees 12-15-06: | $ 817.25 |
| Trial transcript: | $ 725.00 |
| Rental car 1-2-07: | $   79.98 |
| Mileage Tampa 1-12-07: | $ 111.18 |
| Subpoena service fees: | $ 435.00 |
| Witness fees and mileage: | $ 715.77 |
| UPS, costs advanced/clerk: | $   23.32 |
| Unishippers:[13] | $ 131.42 |

---

[12]These are identified only as "Feb. 18/2005 Board of County Commissioners Copying Costs - Van Voorhis."  (Doc. 104-2 at 4).

[13]The client ledger reflects six charges for "Unishippers."  Unishippers appears to be an express mail and/or delivery company.  *See* (Doc. 104-2 at 7; Doc. 106 at 7).  Two of the entries appear to be charges for deliveries or express mail to law enforcement agencies in different counties; one appears to be for the same to Linda Hangar; one is for "overnight to

| | | |
|---|---|---|
| Binders/dividers: | $ | 60.35 |
| Affidavit fees Fenton: | $ | 600.00 |
| **TOTAL** | **$6,416.28** | |

*See* (Doc. 104-2).  Counsel attests that these costs were reasonable and necessary expenses and incurred in this case.  *See id.* at 1.

Rule 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption in favor of awarding costs to the prevailing party.  *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)).  In awarding costs, federal courts are bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless there is explicit statutory or contractual authorization for the taxation of such.[14]  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Nonetheless, it is within the court's discretion to deny a full award of costs if the court has and states a sound reason for doing so.[15]  *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039

---

Acosta;" and the remaining two are for June 2007 and February 2008 totals.  (Doc. 104-2 at 5-7).  No further information on these costs is provided.

[14]Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services.  28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

[15]The Eleventh Circuit has recognized that the "denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of litigation." *Chapman*, 229 F.3d at 1039 (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526

(11th Cir. 2000).  A district court's cost determination is reviewed for abuse of discretion.  *Id.*

Plaintiff seeks to recover $905.61 in "postage, copies etc."  Under § 1920(4), photocopying costs "necessarily obtained for use in the case" are compensable.  General photocopying costs are not compensable.  *Duckworth*, 97 F.3d at 1399.  The party seeking to recover photocopying costs must come "forward with evidence showing the nature of the documents copied and how they were used."  *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 300 (N.D. Ga. 1991).  Here, Plaintiff offers no information as to the nature of the costs labeled "postage, copies, etc." ($474.21), nor does he provide any explanation as to how such were used or whether such were made for mere convenience of counsel.  This request is denied.  As for the balance of the requests for copies, $43.90 (for FOIA record requests), $130.00 (for Board of County Commission copying costs), and $257.50 (for copies for trial notebooks), there is minimally adequate explanation of the need for and use of such expenditures and these requests are granted.  Accordingly, Defendant is taxed **$431.40** in copying costs.

Plaintiff also seeks $450.00 for the cost of mediation.  Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation.  Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.  *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782-83 (8th Cir. 2002); *Sea Coast*

---

(5th Cir. 1977)).

*Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).
Consequently, Plaintiff may not recover this cost.

Plaintiff seeks to recover the state court filing fee of $205.00 and the $20.00 incurred in serving the summons and complaint.  Defendant does not object to these costs.  Pursuant to §§ 1920(1) and 1921, Defendant is taxed **$225.00** for these costs.  *See* 28 U.S.C. §§ 1920(1), 1921; *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

Next, Plaintiff requests costs for the depositions of Dennis Boone, Harold Neal, John Newton, and Paul Vanderploog.  He also requests costs for court reporter fees, presumably for a deposition dated December 15, 2006.[16]  Rule 54 and § 1920 provide for an award of costs for fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.  However, whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case.  *See W&O,* 213 at 620-21.  In this case, I find that all of the depositions from which Plaintiff requests costs were necessarily obtained for use in the case.  *See id.* at 621 (providing that depositions are necessarily obtained when the deponents are on the other party's witness list or if the deposition is admitted into evidence or used during cross-examination).  Of note, Boone, Neal, and Vanderploog all testified at trial.  As for Newton, while he did not testify at trial, his deposition was reasonably necessary in this case and Defendant does not contend otherwise.  Regarding the court reporter fees dated December 2006, Plaintiff clearly should have provided additional information.  However, Defendant

---

[16]Plaintiff does not identify the individual associated with this entry.  (Doc. 104-2 at 5).  However, Defendant does not dispute this court reporter fee.  (Doc. 106 at 8).

10

agrees that Plaintiff should recoup that amount.  Accordingly, the Defendant is taxed **$1,953.65** for the costs of depositions/court reporter fees.

Plaintiff also seeks to recover $725.00 for "costs advanced/transcripts," which was billed two days after the end of trial.  Without more, it is not possible to ascertain whether the transcript was necessary for use in the case or was for the convenience of counsel.  As such, it may not be taxed to Defendant.

Plaintiff seeks to recover $191.16 for costs incurred for a rental car and mileage to Tampa, which were billed in January 2007.  It appears these costs were incurred by counsel during the Neal deposition, for which he billed for his travel hours and time at deposition.  No further information is provided.  To the extent this is accurate, these costs, i.e., attorney's travel expenses, are not recoverable under § 1920.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328 (M.D. Fla. 2002) (citing *Tang How v. Edward J. Gerrits, Inc.,* 756 F. Supp. 1540, 1545 (S.D. Fla. 1991)).  If this assessment of the costs is incorrect, the request is too vague to ascertain whether such falls with § 1920.  Accordingly, these costs may not be taxed to the Defendant.

Plaintiff seeks to recover witness fees and mileage for Linda Hangar ($45.10), David Campbell ($47.14), Harold Neal ($46.63), Dennis Boone ($480.00), and Michael Montejo ($96.90).  The recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40.00 per diem.  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006).  Under § 1821(b), a prevailing party may recover witness fees of up to $40.00 per day and travel expenses up to 100 miles for the appearance of witnesses at trial.  Here, Plaintiff's documentation reveals these amounts were for attendance

11

fees and mileage and is minimally adequate.  Thus, he may recover the witness fees sought for Hangar, Campbell, and Neal in full ($40.00 witness fee plus mileage compensated at the rate of 50.5 cents per mile).  As for Boone and Montejo, Plaintiff may recoup the $40.00 witness fee for each, as well as $50.50 in mileage/travel expenses (100 miles x $0.505).[17] Accordingly, Defendant is taxed a total of **$319.87** for witness fees and mileage.

Plaintiff also seeks to recover $435.00 for the service of subpoenas.  The fees of private process servers may be taxed pursuant to § 1920(1) so long as they do not exceed the statutory fees authorized in § 1921.  *W&O*, 213 F.3d at 624.  The United States Marshal's fee for serving a subpoena or summons under § 1921 is $45.00 per witness.[18]  Thus, assuming the necessity of such, Plaintiff may recover as follows: $20.00 for the subpoena service billed in October 2006; $135.00 for the three subpoena services billed in January 2007; $100.00 for the five subpoena services billed on April 9, 2008; $20.00 for the subpoena service billed on April 10, 2008; $45.00 for the subpoena service billed on April 21, 2008; $20.00 for the subpoena service billed on April 28, 2008; and $20.00 for the subpoena service billed on May 1, 2008.  Defendant is taxed **$360.00** for service of subpoenas

Plaintiff seeks to recover $154.74 in costs associated with UPS and Unishippers. Aside from the fact that these costs are too vague to discern as to their nature and necessity,

---

[17]No special circumstances have been demonstrated justifying travel fees beyond the 100 mile limit.

[18]The United States Marshal's fee also includes mileage.  However, the documentation in support of the instant costs is inadequate to determine whether mileage was a factor in the subpoena service charges that exceed $45.00.  Accordingly, counsel may recover no more than $45.00 for each subpoena service sought.

delivery costs and express mail generally are not compensable under § 1920.  *See Scelta*, 203 F. Supp. 2d at 1339; *Am. Home Assurance Co. v. The Phineas Corp.*, No. 8:02-cv-736-T-26EAJ, 2004 WL 3142554, *2 (M.D. Fla. 2004).  Thus, these costs may not be taxed to Defendant.

Plaintiff seeks to recover $60.35 used to purchase binders and/or dividers from Staples.  These costs are not compensable under § 1920.  Rather, they are subsumed within operating overhead and are not taxable.

Lastly, Plaintiff seeks to recover $600.00 for the cost of obtaining the affidavit of Matthew K. Fenton, Esq., which Plaintiff submitted in support of his motion for attorney fees. In essence, obtaining such amounts to expert witness testimony.  Expert witness fees are not recoverable under § 1920.  *See* 28 U.S.C. § 1920; *Duckworth*, 97 F.3d at 1399.  Accordingly, this cost may not be taxed to Defendant.

III.

Accordingly, for the aforesaid reasons, Plaintiff's **Motion for Attorney Fees** (Doc. 103) and **Motion to Tax Costs** (Doc. 104) are granted in part to the extent set forth herein. Thus, Plaintiff is awarded attorney's fees in the amount of **$104,799.50** and costs in the amount of **$3,289.92**.  In all other aspects, the motions are denied.

**Done and Ordered** at Tampa, Florida, this 18th day of July 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record